FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT 42 U.S.C. § 1983

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

Robert Defez Lurch Jr.
_____
(Enter above the full name of the plaintiff in this action)

Civil Action No._____
(To be supplied by the clerk of the court)

V.

① Police officer Daniel Bernah (Newark

P.d). ② Police officer Brian Holmes (Newark P.d.)

and ③ Doctor that ordered the sedatives

(university hospital/Newark, N.j)

_____
(Enter above the full name of the defendant in this action)

R E C E I V E D

MAR 17 2022

AT 8:30_____M
WILLIAM T WALSH
CLERK

## INSTRUCTIONS — READ CAREFULLY

1.  This complaint must be legibly handwritten or typewritten, signed by the plaintiff and subscribed to under penalty of perjury as being true and correct. All questions must be answered concisely in the proper space on the form. Where more space is needed to answer any question, attach a separate sheet.

2.  In accordance with Rule 8 of the Federal Rules of Civil Procedure, the complaint should contain (1) a short and plain statement of the grounds upon which the court's jurisdiction descends, (2) a short plain statement of the claim showing that you are entitled to relief, and (3) a demand for judgment for the relief which you seek.

3.  You must provide the full name of each defendant or defendants and where they can be found.

4.  You must send the original and one copy of the complaint to the Clerk of the District Court. You must also send one additional copy of the complaint for each defendant to the Clerk. Do not send the complaint directly to the defendants.

5. Upon receipt of a fee of $120.00, your complaint will be filed. You will be responsible for services of a separate summons and copy of the complaint on each defendant. See Rule 4, Federal Rule of Civil Procedures.

6. If you do not have the necessary filing fee, you may request permission to proceed in forma pauperis, in which event you must execute the application accompanying this form, setting forth information establishing your inability to prepay the fees and costs or give security therefor. If you wish to proceed in forma pauperis, you must also submit a certified copy of your trust fund account statement (or institutional equivalent) which must reflect all deposits on your account for the 6-month period immediately preceding submission of this application, obtained from the appropriate official of each prison at which you are or were confined.

7. If you are given permission to proceed in forma pauperis, you may be required to pay an initial filing fee. If so, no complaint will be filed unless this initial filing fee is paid. You will also be required t make monthly payments of 20 percent of the preceding month's income credited to your account. The Department of Corrections shall forward payments from your account to the Clerk each time the amount in the account exceeds $10 until the filing fee is paid. The Clerk will prepare and issue a copy of the summonses and the copies of the complaint which you have submitted shall be forwarded by the Clerk to the United States Marshal, who is responsible for service. The Marshal has USM-285 forms you must complete so that the Marshal can locate and serve each defendant. If the forms are sent to you, you must complete in full and return the forms to the Marshal.

8. Applications for leave to proceed in forma pauperis which do not conform to these instructions will be returned by the Clerk with a notation as to the deficiency.

## QUESTIONS TO BE ANSWERED

1. Previous Lawsuits
   (a) Have you filed any other suits in federal or state court since you were imprisoned?
       [ ] Yes   [ ] No

   (b) If your answer to (a) is "Yes", describe the lawsuit in the spaces below. (if there is more than one suit, describe the additional suits on a separate sheet, answering the same question for each suit.
       i. Parties to previous suit:

       Plaintiffs: _____

       _____

       Defendants: _____

       _____

2

  ii. Court (If Federal court, name the district, if state court, name the County)_____

_____

  iii. Docket Number: _____

  iv. Name of Judge to whom case was assigned: _____

_____

Is

  v. Disposition (for example: Was the suit dismissed?  Was there an Appeal?

   it still pending?)_____

  vi. Approximate date of filing suit: _____

  vii. Approximate date of disposition: _____

  viii. Issue in previous suit? _____

_____

_____

2. Place of present confinement?  _Atlantic county Justice Facility_

3. Parties

(In item (a) below, place your name in the first blank and place your present address in the second blank.  Do the same for the additional plaintiffs.  If any.)

A. Name of plaintiff:  _Robert Derek Lurch Jr._

  Address:  _5060 Atlantic Avenue / Mays Landing, N.J / 08330_

  _____

  Inmate Number: _01-282463_

B. First Defendant -- name:  _-see front of the complaint - /see attached-_

  Official Position: _____

  Place of employment: _____

3

How is this person involved in the case? (i.e., what are you alleging that this person did or did not do that violated your constitutional rights?)

-see attached-

C.   If there is more than one defendant, attach a separate sheet. For each specify: (1) Name, (2) Official position, (3) Place of employment, and (4) Involvement of the defendant.

4.   Statement of claims

(State here as briefly as possible the facts of your case. Describe how each defendant violated your rights, giving dates and places. If you do not specify how each defendant violated your rights and the date(s) and place of the violations, your complaint may be dismissed. Include also the names of other persons who are involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach a separate sheet if necessary.)

-see attached-

RECEIVED

MAR      2

AT 8:30_____M
WILLIAM T. WALSH
CLERK

Violation of my right to

Refuse antipsychotic

medication

Legal

standard

It is well established that involuntarily committed mentally ill pat-

ients have a constitutional right under the Due process clause of the 14th

amendment to refuse the administration of antipsychotic drugs (white v.

Napoleon, 897 F.2d 103).

The right is protected substantively by the Due process clause of the

Fourteenth amendment. It is derived from each person's fundamental right

to be free from unjustified intrusions on personal security (Rennie v. Klein,

653 f.2d at 844)

a patients' right to refuse antipsychotic medication is not absolute

and must yield when the patient or others are endangered.

In new Jersey, the standard by ... a mentally ill patient who has

been committed involuntarily to a state institution (see state v. crak, 68

N.J. 236 (1975)), must have his constitutional right to refuse antipsychotic

drugs measured, is whether the patient constitutes a danger to himself or

to others.

Because that evaluation must be the product of the medical authorities

professional judgment, such a judgment and the resulting decision to administer

medication will be presumed valid unless it is shown to be a "substantial

departure from accepted professional judgment, practice or standards (Younsberg,

457 u.s. at 323).

one of the factors to be considered in the exercise of professional judg-

ment - albeit not a controlling or necessarily determinative factor - is whether

and to what extent the patient will suffer harmful side effects. I believe that

the professional judgment standard established by the Supreme Court

In Youngberg sets the limits within which this factor must be assessed:

. . . I would hold only that antipsychotic drugs may be constitutionally

administered to an involuntarily committed mentally ill patient whenever,

In the exercise of professional judgment, such an action is deemed necessary

to prevent the patient from endangering himself or others. Once that deter-

mination is made, professional judgment must also be exercised in the res-

ulting decision to administer medication.

Remie, 720 F.2d at 269-270

Facts of the
Claim

Under the circumstances In the Instant matter, the Plaintiffs 14th ame-

ndment due process rights were violated (Date of occurrence: 9/27/2020)

When the Plaintiff arrived at University Hospital, hospital officials

Informed him that he would have to change Into a hospital gown before he can

be evaluated. The Plaintiff being frustrated because he was falsely arrested, no-

tified these officials calmly that he is not changing Into a gown, just to be

evaluated; especially since he has to change back Into his clothes, when he gets

Parties liable:
Doctor that
ordered sedative

transported back to the precinct (I was handcuffed to the bed and In the custody

of Newark Pd).

After the Plaintiff made that statement, however, hospital officials Informed

his consent
the Plaintiff that with or without, he is going to change Into the hospital

gown.

Subsequently, these officials went and got a doctor to agree to Forcibly med-

icate me. Hours after the sedation process (I was forcibly medicated with a sedative),

I woke up In a gown without even my boxer briefs on. I was not a danger to my-

self or others, the emergency procedure was Implemented to Induce my consent to change

Into the gown.

4th amendment
violation

## False arrest
## Claim

Legal
standard

"For an arrest there must be Probable cause to believe that a crime has been committed and that the Person sought to be arrested committed the offense" (State v. Brown, 205 N.J. 133).

"Although it is difficult to define the concept with precision, probable cause requires 'more than a mere suspicion of guilt' but less evidence than is needed to convict at trial" (see State v. Basil, 202 N.J. 570).

"In determining whether there was Probable cause to make an arrest, a court must look to the totality of the circumstances, and view those circumstances from the standpoint of an objectively reasonable police officer" (State v. Gibson, 218 N.J. 277).

"Where an arrest is made Pursuant to a warrant, a Plaintiff challenging Probable cause must show by a preponderance of the evidence : (1) that the police officer "knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant, and (2) that such statements or omissions are material, or necessary, to the finding of Probable cause (see Wilson v. Russo, 212 F.3d 781).

Like a search warrant, an arrest warrant is presumed valid, and a defendant challenging its validity has the burden to prove there was no probable cause supporting the issuance of the warrant (see State v. Jones, 179 N.J. 377).

A warrant cannot be based, however, on an affidavit or testimony that does not "Provide a substantial basis for determining the existence of Probable cause" (Illinois v. Gates, 462 U.S. 213). For example, "Probable cause is not established by a conclusory affidavit that does not Provide a magistrate with sufficient facts to make an independent determination as to whether the warrant

should issue" (State v. Novembrino, 105 N.J. 95).

A court must "consider the totality of the circumstances when assessing the reasonable probabilities that flow from the evidence submitted in support of a warrant application" (Chippero, 201 N.J. at 27). In making the probable cause determination, the judge may consider only information which is "contained within the four corners of the supporting affidavit" or sworn testimony provided by law enforcement personnel (Schneider, 163 N.J. at 363).

Now the defendant (well, the Plaintiff) was charged under N.J. Stat. Ann. § 2C:12-3b, which states:

crimes Plaintiff was charged with

Terroristic threats

A person is guilty of a crime of the third degree if he threatens to kill another with the purpose to put him in imminent fear of death under circumstances reasonably causing the victim to believe the immediacy of the threat and the likelihood that it will be carried out.

The defendant (well, the Plaintiff) was also charged under N.J. Stat. Ann. § 2C:33-4c, which states the following:

Harassment

Engages in any other course of alarming conduct or of repeatedly committed acts with purpose to alarm or seriously annoy such other person.

Information contained within the four corners of the affidavit of Probable cause

The affidavit of Probable cause, which supplied probable cause for the issuance of the arrest warrant charging the Plaintiff with these charges, states the following:

On this date, unit 516 consisting of P/o Daniel Bernal #10984 and P/o Brian Holmes #11022 was dispatched to a domestic violence in progress call at the above location. The female caller notified dispatch that her Ex is banging on her door and that she has a restraining order against him.

Upon arrival, unit 516 made contact with the victim Tatiana Royal at her apartment door. Ms. Royal stated that around the time she was pregnant with her son Tyler A. Floyd DOB 11/22/19, she started a new relationship with another man and when she gave birth to Tyler Floyd, the actor, later identified as her Ex-Boyfriend Robert D. Lurch, has been harassing her at repeatedly by appearing in front of her home to confirm if he is the father of Tyler Floyd.

Ms. Royal stated Mr. Lurch would appear at her residence at random times to question her about her son. She also stated that Mr. Lurch threatened her by saying "I will kill you and your son". Ms. Royal added that she is in fear for her life and that she is afraid to leave her residence since Mr. Lurch may be in the area at any time. After this statement, unit 516 observed Ms. Royal being emotional. She began crying and was shaken up to show signs of being fearful.

If this court reviews the facts listed above that served as the basis of probable cause in the affidavit of Probable cause that was employed to support the issuance of the arrest warrant, it will conclude that the facts listed above did not provide a magistrate with sufficient facts to make an independent determi-

notion that probable cause existed to charge the Plaintiff with cleRroristic threats or harassment.

The arrest warrant not Facially valid

Furthermore, the accusation charging the defendant with terroristic threats and Harassment is facially invalid and does not contain sufficient facts to satisfy the elements of either crime.

The facts that establish probable cause concerning the terroristic threat charge ("she also stated that Mr.Lorch threatened her by saying "I will kill you and your son" ), does not state how the threat was communicated (via text message, email, phone conversation or in-person) nor does it state when it was communicated to the alleged victim (the time of the occurrance) or where (If it was made. In person)?

Due to these insufficiencies, Its not even plausible that a crime (or the crime) of Terroristic threats was even committed (see Cesare, supra, 154 N.J. at 402)( There must be proof that the defendant in fact threatened the alleged victim).

Furthermore, In regards to the harassment charge, the facts contained within the affidavit only illustrates that the Plaintiff showed up at the alleged residence in an attempt to establish paternity of Tyler Floyd because he was concerned the child might be his son.

This behavior exhibited by the Plaintiff does not illustrate that he intended to alarm or annoy Miss. Royal and does not constitute harassment under the statue.

For the foregoing reasons, the Plaintiff was falsely arrested on the day of the incident in connection with his arrest for harassment and terroristic threats and these officers did not have probable cause to arrest the plaintiff at the time the arrest was made.

4

5.    Relief

(State briefly exactly what you want the Court to do for you.  Make no legal arguments.
Cite no cases or statutes.)

Im suing every Individual defendant for $1,000,000 (a million

dollars) In compensatory damages and $1,000,000 (a million dollars)

In punitive damages.

6.    Do you request a jury or a non-jury trial?  (Check only one)

[✓] Jury Trial          [  ] Non-Jury Trial

I declare under penalty of perjury that the foregoing is true and correct.

Signed this _____ 5th _____ day of ___ March _____, 20 22

_____
Signature of Plaintiff

EACH PLAINTIFF NAMED IN THE COMPLAINT MUST SIGN THE COMPLAINT HERE.
ADD ADDITIONAL LINES IF THERE IS MORE THAN ONE PLAINTIFF.  REMEMBER,
EACH PLAINTIFF MUST SIGN THE COMPLAINT.