UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ROBERT DEREK LURCH, Jr.,** | **Civil Action No. 22-1506 (SDW-ESK)** |
| **Plaintiff,** | |
| v. | **MEMORANDUM OPINION** |
| **POLICE OFFICER DANIEL BERNAL, et al.,** | |
| **Defendants.** | |

1. On March 17, 2022, Plaintiff Robert Derek Lurch Jr. ("Plaintiff") filed this civil rights matter under 42 U.S.C. § 1983, seeking monetary relief for alleged constitutional violations involving false arrest and involuntary medication. (ECF No. 1). After this Court administratively terminated this matter because Plaintiff's IFP application was deficient under 28 U.S.C. § 1915(a) (ECF No. 2), Plaintiff filed a properly-completed IFP application. (ECF No. 3).

2. Having reviewed Plaintiff's application, it is clear that leave to proceed *in forma pauperis* is warranted in this matter, and the application is therefore granted.

3. Because Plaintiff's *in forma pauperis* application shall be granted, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

4. In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citation omitted). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

5. In his complaint (ECF No. 1), Plaintiff alleges that on September 27, 2020, he was arrested by Newark Police Officers Daniel Bernal and Brian Holmes. Plaintiff asserts a Fourth Amendment claim of false arrest against these officers, alleging the arrest warrant was not supported by probable cause. Plaintiff was arrested for terroristic threats and harassment.

6. In New Jersey, "[a] person is guilty of [terroristic threats]" in the third degree if he threatens to kill another with the purpose to put him in imminent fear of death under circumstances reasonably causing the victim to believe the immediacy of the threat and the likelihood that it will be carried out." N.J.S. § 2C:12-3(b).

7. In New Jersey, "a person commits a petty disorderly persons offense [harassment] if, with purpose to harass another, he … [e]ngages in any other course of alarming conduct or of repeatedly committed acts with purpose to alarm or seriously annoy such other person." N.J.S. § 2C:33-4(c).

8. Plaintiff quotes from the affidavit of probable cause:

> On this date, Unit 516 consisting of P/O Daniel Bernal #10984 and P.O. Brian Holmes #11022 was dispatched to a domestic violence in progress call at the above location. The female caller notified dispatch that her ex is banging on her door and that she has a restraining order against him.
>
> Upon arrival, Unit 516 made contact with the victim Tatiana Royal at her apartment door. Ms. Royal stated that around the time she was pregnant with her son Tyler A. Floyd D.O.B. 11/22/19, she started a new relationship with another man and when she gave birth to Tyler Floyd, the actor, later identified as her ex-boyfriend Robert D. Lurch, has been harassing her at [sic] repeatedly by appearing in front of her home to confirm if he is the father of Tyler Floyd.
>
> Ms. Royal stated Mr. Lurch would appear at her residence at random times to question her about her son. She also stated that Mr. Lurch threatened her by saying "I will kill you and your son." Ms. Royal added that she is in fear for her life and that she is afraid to leave her residence since Mr. Lurch may be in the area at any

> time. After this statement, Unit 516 observed Ms. Royal being emotional. She began crying and was shaken up to show signs of being fearful.

(ECF No. 1 at 9).

9. Plaintiff alleges the above-quoted affidavit did not establish probable cause for arrest on charges of terroristic threats or harassment because: (1) the affidavit does not state how, where or when the threat to kill was communicated; and (2) the fact that Plaintiff allegedly showed up at the victim's residence to establish paternity of Tyler does not establish harassment. (ECF No. 1 at 10).

10. "'The proper inquiry in a section 1983 claim based on false arrest ... is not whether the person arrested in fact committed the offense but whether the arresting officers had probable cause to believe the person arrested had committed the offense.'" (quoting Groman v. Twp. of Manalapan, 47 F.3d 628, 634 (3d Cir. 1995) (quoting Dowling v. City of Philadelphia, 855 F.2d 136, 141 (3d Cir. 1988)). "[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested. *Orsatti v. New Jersey State Police*, 71 F.3d 480, 483 (3d Cir. 1995) (quoting *United States v. Cruz*, 910 F.2d 1072, 1076 (3d Cir.1990) (citing *Dunaway v. New York*, 442 U.S. 200, 208 n. 9 (1979)). "'Probable cause need only exist as to **any offense** that could be charged under the circumstances.'" *Wright v. City of Philadelphia*, 409 F.3d 595, 602 (3d Cir. 2005) (quoting *Barna v. City of Perth Amboy*, 42 F.3d 809, 819 (3d Cir. 1994) (emphasis added)).

11. The affidavit, as alleged, is sufficient to establish probable cause that Plaintiff committed the offense of harassment because Ms. Royal reported that, despite a restraining order against him, Plaintiff was banging on her front door on September 27, 2020, after repeatedly

appearing in front of her house to question whether he was the father of her son, having once threatened to kill them. Therefore, the Court will dismiss the false arrest claim with prejudice.

12. For his second claim, Plaintiff alleges that he was taken to University Hospital upon his arrest. (ECF No. 1 at 6). Plaintiff did not describe the reason for his medical evaluation, but he refused to change into a hospital gown. Hospital officials warned Plaintiff that he was going to change into a hospital gown with or without his consent, and they "went and got a doctor to agree to forcibly medicate [Plaintiff]" with a sedative. (*Id.*) Plaintiff alleges he was not a danger to himself or others, and the sedative was given only to make him change into a gown. (*Id.*) Plaintiff asserts this conduct violated his Fourteenth Amendment due process right not to be medicated forcibly. Plaintiff named as the defendant to this claim, "Doctor that ordered the sedatives." (*Id.* at 1.)

13. "[T]here is no liability under § 1983 for those not acting under color of law." *Groman*, 47 F.3d at 638 (citing *Versarge v. Township of Clinton, N.J.,* 984 F.2d 1359, 1363 (3d Cir. 1993)). The question of whether a defendant is acting under color of state law depends on whether "the action taken can be fairly attributed to the state itself." *Id.* at 638-39 (citing *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974). It is not clear from the complaint that the doctor at University Hospital, who allegedly gave Plaintiff sedatives without his consent, was acting under the authority of state law. The mere fact that Plaintiff was under arrest at the time is not enough to show that the doctor's action can be fairly attributed to the state. *See*, *Kartorie v. Dunham*, 108 F. App'x 694, 699 (3d Cir. 2004) (holding that emergency room doctor who administered a blood test to arrestee without consent was not liable under § 1983). Therefore, this Court will dismiss Plaintiff's Fourteenth Amendment Due Process Claim without prejudice.

An appropriate Order follows.

DATE: <u>April 21, 2022</u>

                                                                Hon. Susan D. Wigenton,
                                                                United States District Judge