UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ROBERT DEREK LURCH, Jr.,**<br><br>Plaintiff,<br><br>v.<br><br>**POLICE OFFICER DANIEL BERNAL, et al.,**<br><br>Defendants. | Civil Action No. 22-1506 (SDW-ESK)<br><br>**MEMORANDUM OPINION** |

1. On March 17, 2022, Plaintiff Robert Derek Lurch Jr. ("Plaintiff") filed this civil rights action under 42 U.S.C. § 1983, seeking monetary relief for alleged constitutional violations of false arrest and forced medication. (ECF No. 1). On April 21, 2022, this Court dismissed the complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. This matter comes before this Court on Plaintiff's motion for reconsideration (ECF No. 8), under Local Civil Rule 7.1(i), of the order dismissing with prejudice his false arrest claim, and upon Plaintiff's filing of an amended complaint (ECF No. 9), which this Court must screen for *sua sponte* dismissal, pursuant to 28 U.S.C. § 1915(e)(2)(B).

3. In dismissing Plaintiff's false arrest claim alleged in his original complaint, this Court explained:

> "The proper inquiry in a section 1983 claim based on false arrest ... is not whether the person arrested in fact committed the offense but whether the arresting officers had probable cause to believe the person arrested had committed the offense.'" *Groman v. Twp. of Manalapan*, 47 F.3d 628, 634 (3d Cir. 1995) (quoting *Dowling v. City of Philadelphia*, 855 F.2d 136, 141 (3d Cir. 1988)). "[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested. *Orsatti v. New Jersey State Police*, 71 F.3d 480, 483 (3d Cir. 1995) (quoting *United States v.*

1

> *Cruz*, 910 F.2d 1072, 1076 (3d Cir.1990) (citing *Dunaway v. New York*, 442 U.S. 200, 208 n. 9 (1979)). "'Probable cause need only exist as to **any offense** that could be charged under the circumstances.'" *Wright v. City of Philadelphia*, 409 F.3d 595, 602 (3d Cir. 2005) (quoting *Barna v. City of Perth Amboy*, 42 F.3d 809, 819 (3d Cir. 1994) (emphasis added)).
>
> The affidavit, as alleged, is sufficient to establish probable cause that Plaintiff committed the offense of harassment because Ms. Royal reported that, despite a restraining order against him, Plaintiff was banging on her front door on September 27, 2020, after repeatedly appearing in front of her house to question whether he was the father of her son, having once threatened to kill her and her son. Therefore, the Court will dismiss the false arrest claim with prejudice.

4. In his motion for reconsideration,[1] Plaintiff sets out the following new facts, which he neglected to allege in support of his false arrest claim on the charge of harassment under N.J.S. 2C:33-4(c). Officer Daniel Bernal omitted from his affidavit in support of the arrest that he knew Plaintiff had never been served with a restraining order against Miss Royal, so there was no restraining order in effect on the day of the arrest. While Officer Bernal was investigating Miss Royal's complaint, Plaintiff told Officer Bernal that he had not banged on her door, he knocked politely on each door of the apartment building because he did not know which apartment was hers, but no one answered. As to Miss Royal's allegation that Plaintiff repeatedly appeared outside her apartment building because he wanted to question her about his paternity of her son, Plaintiff submits that this does not constitute harassment because harassment requires intent, and his intention was merely to determine paternity. Miss Royal alleged that Plaintiff threatened her in the past, but Plaintiff contends this can not be used to establish probable cause because there are no facts to support that he made a threat.

---

[1] Plaintiff's motion for reconsideration was not timely filed within 14 days of entry of the order he is challenging, in compliance with Local Civil Rule 7.1(i); however, the motion also fails on the merits.

5. Harassment under NJS 2C:33-4(c) is defined as "a person commits a petty disorderly persons offense [harassment] if, with purpose to harass another, he ... [e]ngages in any other course of alarming conduct or of repeatedly committed acts with purpose to alarm or seriously annoy such other person."

6. Even assuming Officer Bernal knew there was no restraining order in effect, and he knew that Plaintiff did not bang on Miss Royal's door but instead knocked on every door in the building, Officer Bernal still had probable cause to arrest Plaintiff for harassment. Probable cause does not require proof beyond a reasonable doubt that the suspect committed the crime. *Groman*, 47 F.3d at 634 (quoting *Dowling*, 855 F.2d at 141). Officer Bernal was permitted to rely on Miss Royal's statements about Plaintiff's repeated appearance in front of her apartment building, which Officer Bernal could reasonably have construed as having the purpose of harassment, and that it frightened Miss Royal based on Plaintiff's previous alleged threat against her and her son. Therefore, this Court denies Plaintiff's motion for reconsideration (ECF No. 8) on the merits of his false arrest claim. This Court will also dismiss the false arrest claim, for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(b), that Plaintiff realleged in his amended complaint (ECF No. 9) against Officer Bernal and Officer Brian Holmes.

7. Plaintiff brought a new claim against Officer Bernal, in the amended complaint, for excessive force in handcuffing Plaintiff upon his arrest on September 27, 2020.  Plaintiff alleges Officer Bernal ignored Plaintiff's repeated requests to loosen the handcuffs, which Officer Bernal applied so tightly as to cause Plaintiff severe pain and eventual numbness from lack of circulation, while Plaintiff posed no threat to anyone. This Fourth Amendment excessive force claim under § 1983 may proceed against Officer Bernal. This Court will, however, dismiss without prejudice the

excessive force claim against Officer Holmes, because Plaintiff has not alleged that he specifically asked Officer Holmes to loosen the handcuffs.

8. Plaintiff also alleges new facts in his amended complaint in support of his claim that he was medicated without his consent and without a finding that he presented a danger to himself or others, in violation of the Fourteenth Amendment. This Court dismissed the Fourteenth Amendment claim from Plaintiff's original complaint for failure to allege sufficient facts that the doctor who forcibly medicated Plaintiff was a state actor subject to § 1983 liability.

9. According to the allegations in the amended complaint, Plaintiff was dehydrated from drinking alcohol prior to his arrest. After Plaintiff was taken to the police station, he used derogatory language against the police officers. They determined that Plaintiff needed a psychiatric evaluation before he could be taken to the county jail to await his arraignment. At University Hospital, Officer Bernal handcuffed Plaintiff to a hospital bed to await the psychiatric examination. A hospital official demanded that Plaintiff remove his street clothes and put on a gown, but Plaintiff refused. The hospital official then returned with several other officials and a doctor and nurse. The doctor directed the nurse to forcibly administer sedatives to Plaintiff. Plaintiff later awoke wearing only the hospital gown. Based on Plaintiff's allegation that the doctor was performing a public function to determine whether Plaintiff's psychiatric condition required treatment prior to his detention in county jail, this claim in the amended complaint may proceed against the doctor who ordered the nurse to forcibly medicate Plaintiff. Plaintiff will need to timely identify the doctor in an amended complaint before the doctor can be served with a summons.

An appropriate Order follows.

Date: August 29, 2022

Hon. Susan D. Wigenton
United States District Judge

5