**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ROBERT DEREK LURCH, JR.,<br><br>Plaintiff,<br><br>v.<br><br>POLICE OFFICER DANIEL BERNAL, *et al.*,<br><br>Defendants. | Civil Action No. 22-1506 (SDW) (SDA)<br><br>**WHEREAS OPINION**<br><br>October 16, 2026 |

**WIGENTON**, District Judge.

**THIS MATTER** having come before this Court upon Defendant Robson Roblete's ("Defendant Roblete") Motion to Dismiss (D.E. 62 ("Motion")) *pro se* Plaintiff Robert Derek Lurch, Jr.'s ("Plaintiff") Third Amended Complaint (D.E. 39 ("TAC")) pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), and this Court having reviewed the parties' submissions; and

**WHEREAS** Plaintiff filed his initial complaint (D.E. 1 ("Initial Complaint")) pursuant to 42 U.S.C. § 1983 on March 17, 2022. The Initial Complaint names three defendants: Officer Daniel Bernal ("Defendant Bernal"), Officer Brian Holmes ("Defendant Holmes"), and a fictitious "Doctor that ordered the sedatives." (D.E. 1 at 1.) It alleges that on September 27, 2020, the two officers arrested Plaintiff without probable cause, and the doctor authorized that Plaintiff be involuntarily medicated in violation of his Fourteenth Amendment due process rights. (*Id.* at 5–10); and

**WHEREAS** this Court dismissed the Initial Complaint on April 21, 2022 for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B). (D.E. 6.) On May 26, 2022, Plaintiff filed an

amended complaint (D.E. 9 ("First Amended Complaint")) against the same three defendants, alleging additional facts and bringing an additional claim for excessive force. By orders dated August 29, 2022 (D.E. 13) and September 16, 2022 (D.E. 16), this Court allowed Plaintiff's excessive force claim against Defendant Bernal and Plaintiff's Fourteenth Amendment due process claim against the fictitious doctor defendant to proceed. This Court dismissed all other claims with prejudice. (D.E. 13); and

**WHEREAS** on March 27, 2023, Plaintiff filed a letter with this Court, identifying Ariel Sena ("Defendant Sena") as "the doctor who unlawfully ordered the sedative." (D.E. 27 at 2.) Although neither the Initial Complaint nor the First Amended Complaint named a nurse defendant, Plaintiff's letter identified Defendant Roblete as "the nurse who administered the medication," and classified the nurse as one of the "hospital defendants." (*Id.* at 1–2.) Plaintiff then filed a Second Amended Complaint on January 24, 2024, naming Defendant Bernal, Defendant Sena, and Defendant Roblete as the three defendants. (D.E. 35.) On April 8, 2024, Plaintiff filed the Third Amended Complaint against the same three defendants, which is now the operative pleading in this action; and

**WHEREAS** Plaintiff's "Force Medication Claim" is his only claim against Defendant Roblete. (TAC at 15–18.) Plaintiff alleges that following his September 27, 2020 arrest, officers transported him to University Hospital for further medical evaluation. (*Id.* at 9–10.) At the hospital, Plaintiff alleges that Defendant Roblete forcibly administered sedative medication to Plaintiff in violation of his due process rights under the Fourteenth Amendment. (*Id.* at 10, 17–18); and

**WHEREAS** to withstand a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When deciding a Rule 12(b)(6) motion to dismiss, federal courts "must accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff," and determine "whether [the] plaintiff may be entitled to relief under any reasonable reading of the complaint." *Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010); and

**WHEREAS** a statute of limitations defense is an appropriate basis for dismissal on a Rule 12(b)(6) motion to dismiss when the time alleged on the face of the complaint shows that a claim is barred by the statute of limitations. *See Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014); and

**WHEREAS** this Court applies a state's statute of limitations for personal injury actions to claims brought under 42 U.S.C. § 1983. *See Fisher v. Hollingsworth*, 115 F.4th 197, 209 (3d Cir. 2024). All the events alleged in the complaint took place in New Jersey, which employs a 2-year statute of limitations for personal injury actions. *See* N.J. Stat. Ann. § 2A:14-2 (providing that personal injury actions "shall be commenced within two years next after the cause of any such action shall have accrued"); and

**WHEREAS** in a 42 U.S.C. § 1983 action, this Court applies federal law to determine when a claim accrues. *See Coello v. DiLeo*, 43 F.4th 346, 352 (3d Cir. 2022). "Under that law, a § 1983 action begins to run from the time that a plaintiff knows, or has reason to know, of any injury which is the basis of the action." *Id.* As for tolling defenses to the statute of limitations, federal courts apply state law, unless inconsistent with federal law. *See Dique v. New Jersey State Police*, 603 F.3d 181, 185 (3d Cir. 2010); and

**WHEREAS** Plaintiff alleges that on September 27, 2020, he was forcibly medicated without his consent, and he "felt violated" when he woke up and realized that someone changed his clothes while he was sedated. (TAC at 10.) It is therefore apparent on the face of the Third Amended Complaint that on September 27, 2020, Plaintiff knew, or had reason to know, of the injury giving rise to his claim against Defendant Roblete; and

**WHEREAS** because Plaintiff's claim against Defendant Roblete accrued on September 27, 2020, the applicable statute of limitations ran on September 27, 2022. But Plaintiff did not bring any claim against Defendant Roblete, or even a fictitious nurse defendant, until Plaintiff filed the Second Amended Complaint on January 24, 2024, more than one year after the limitations period ran; and

**WHEREAS** New Jersey's fictitious-party rule is inapplicable here. The fictitious-party rule enables a plaintiff to timely file a claim against a defendant whose identity is unknown by pleading a fictitious name and adding "an appropriate description sufficient for identification." N.J. Ct. R. 4:26-4. It does not, of course, apply when the plaintiff describes one fictitious defendant but later seeks to join a claim against a new, undescribed defendant outside of the applicable limitations period. *See Greczyn v. Colgate-Palmolive*, 869 A.2d 866, 869–870 (2005). Here, the Initial Complaint describes and asserts a claim against a distinct, fictitious doctor defendant who authorized the medication. (D.E. 1 at 1, 6.) The First Amended Complaint adds further detail and alleges the involvement of *both* a doctor and a nurse; but specifically alleges that the doctor "was dictating the nurse[']s actions," and asserts the Fourteenth Amendment claim only against the "Doctor who ordered sedatives and directed the nurse . . . to forcefully medicate the plaintiff." (D.E. 9 at 11, 24–25.) Plaintiff fictitiously named the doctor, not the nurse, as a defendant, and

Plaintiff's March 27, 2023 letter later identified the fictitious doctor defendant as Defendant Sena, not Defendant Roblete. (D.E. 27 at 2); and

**WHEREAS** for similar reasons, Plaintiff's claim does not relate back to the Initial Complaint under Rule 15(c)(1)(C). That Rule provides that when an amended pleading changes the party against whom a claim is asserted, the amendment will only relate back to the date of the original pleading when the new defendant "(i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C). The Initial Complaint alleges that "officials went and got a doctor to agree to forcibly medicate [Plaintiff]," and names a fictitious "Doctor that ordered the sedatives" as a defendant. (D.E. 1 at 1, 6.) This does not, as Plaintiff argues, "place[] all involved actors at issue," (D.E. 70 at 2), and Defendant Roblete had no basis to know the claim would have been brought against him if Plaintiff knew his identity; and

**WHEREAS** based on the foregoing, Plaintiff's claim against Defendant Roblete is barred by the applicable statute of limitations; therefore

Defendant Roblete's Motion is **GRANTED** and Plaintiff's claims against Defendant Roblete are **DISMISSED WITH PREJUDICE**. An appropriate order follows.

/s/ Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties
Stacey D. Adams, U.S.M.J.